THE THIRD NATIONAL EXCHANGE BANK OF SANDUSKY, APPELLANT, *v.* MCKELVEY ET AL., APPELLEES.

(Decided October 17, 1938.)

*Messrs. King, Flynn & Frohman,* for appellant.
*Mr. G. Ray Craig* and *Mr. H. O. Zeigler,* for appellees.

LLOYD, J.   Prior to May 26, 1919, certain real estate upon which the plaintiff, The Third National Exchange Bank of Sandusky, claims a mortgage lien, was owned jointly by John J. and Ralph H. McKelvey.

On May 26, 1919, Ralph conveyed his interest therein to John for $10,000, evidenced by a promissory note of John in that amount dated May 28, 1919, and payable in five years with interest at the rate of six per cent per annum payable semi-annually.   This note was secured by a mortgage on the land, executed by John on the same date and duly recorded on the following day.   On June 3, 1919, Ralph borrowed $8,000 from the plaintiff bank.   The note of Ralph therefor to the bank was renewed from time to time, the last renewal note, dated October 30, 1931, being for the principal sum of $8,492.67.   As collateral security for this note indebtedness to the bank, Ralph deposited therewith the $10,000 purchase-money note and mortgage given to him by his brother John, executing an assignment thereof to the bank, which, however, was not recorded until November 18, 1932.   This indebtedness has not been paid, nor has the collaterally pledged mortgage been released of record.

On August 15, 1925, John J. McKelvey, who was also individually indebted to the bank "in consideration of the sum of $1 and other valuable considerations" conveyed the land to the plaintiff bank, covenanting therein "that he is lawfully seized of the premises aforesaid, and that he will warrant and defend the same against the lawful claims of all persons whomsoever."   The land was then worth $18,000 or

$20,000. The purpose of this conveyance to the bank was to settle and satisfy the individual unsecured indebtedness of John to the bank and bore no relation to the Ralph McKelvey indebtedness to the bank for which the purchase-money mortgage was given as collateral security. Thereby all of the individual debts of John to the bank were settled and paid except $3,750 for which amount he executed to the bank an unsecured promissory note.

On November 7, 1925, the bank "in consideration of $1 and other valuable considerations" conveyed the land to Ralph, covenanting in the deed "that it is lawfully seized of the premises aforesaid, and it will forever warrant and defend the same with the appurtenances * * * against the lawful claims of all persons whomsoever claiming under the said The Third National Exchange Bank of Sandusky, Ohio, while the title to said premises was in the said" bank. On November 28, 1931, The C. S. Garretson Lumber Company obtained a judgment lien against Ralph H. McKelvey in the amount of $107.10 with interest, and levied upon the land. On August 30, 1933, the Superintendent of Banks in charge of the liquidation of The Union Trust Company of Cleveland, caused a writ of execution to be issued upon a judgment of $24,968.10 obtained against Ralph H. McKelvey and caused a levy to be made thereunder on the land involved herein. On September 5, 1934, the plaintiff bank commenced an action in the Court of Common Pleas to recover a judgment against Ralph H. McKelvey in the sum of $8,492.67 with interest thereon from October 30, 1931, and to foreclose the John McKelvey mortgage deposited by Ralph McKelvey with the bank as collateral security therefor.

The Superintendent of Banks and the lumber company in their respective answers to the petition of the bank pleaded their judgments, both of them claiming

precedence over the alleged mortgage lien of the bank. The Court of Common Pleas rendered judgment in favor of the bank for the amount of the Ralph McKelvey indebtedness to it but denied the existence of its alleged mortgage-indebtedness lien and found that the judgment obtained by the Superintendent of Banks which has been assigned to the Union Properties, Inc., and that of the lumber company, had precedence over that of the bank. From this finding and judgment of the Court of Common Pleas the bank appeals to this court on questions of law and fact.

The sole question for consideration and determination by this court is whether the theretofore existing mortgage lien of the bank was extinguished by the deed to John McKelvey and by its subsequent deed to Ralph McKelvey.

Admittedly as found by the Court of Common Pleas, Ralph McKelvey was individually indebted to the bank in the sum for which judgment was rendered and as security for which he deposited with the bank the John McKelvey purchase-money mortgage. It must also be admitted that the judgments of the Superintendent of Banks, and the lumber company, were subsequent thereto and that neither of them in fact suffers any injury by maintaining the present validity of the mortgage. The mortgage was recorded, and not having been released of record, each of them had legal notice of its existence and priority. It would seem to be an absurd conclusion to say that the bank intended to release its security for the money loaned to Ralph McKelvey and that the receipt of the deed from John McKelvey and the giving of the deed to Ralph McKelvey, with the recognized and existing indebtedness unpaid, was intended as a satisfaction of the indebtedness and a release of the mortgage.

Our conclusion is that the mortgage security was not thereby extinguished and continued to be a sub-

sisting lien, and that the bank is entitled to the benefit thereof; that it is a first and prior lien on the real estate described therein and that the bank may foreclose same to satisfy its judgment against Ralph Mc-Kelvey, and that the proceeds of the sale of the real estate, after payment of costs and taxes, must first be applied in payment of the claim of the bank, the remainder thereof to be applied first to the payment of the lumber company judgment and then, if any remains, to the judgment of the Union Properties, Inc.

*Decree accordingly.*

CARPENTER and OVERMYER, JJ., concur.